DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

**AMERICAN BRIDGE COMPANY** : **CIVIL ACTION**
:
**v.** : **NO. 05-0075**
:
**VIRGIN ISLANDS PORT AUTHORITY** :

## MEMORANDUM OPINION

**Savage, J.**                                                                                                               **April 2, 2008**

      In this construction contract case, the critical issue is whether the defendant, Virgin Islands Port Authority ("VIPA"), properly terminated its contract with the plaintiff, American Bridge Company ("American Bridge"). American Bridge alleges that VIPA terminated the contract without cause and, consequently, owes American Bridge the costs it incurred as a result of the termination. VIPA alleges that it terminated the contract for cause. Whether the contract was terminated with or without cause is significant. If the termination was without cause, VIPA must pay American Bridge its losses, costs and expenses, which include the contract balance, retainage, and payments for additional work performed pursuant to change orders and caused by delays. If there was cause, payments due American Bridge will be subject to deductions and offsets that VIPA can prove as a result of American Bridge's breach of contract.

      Citing Federal Rule of Civil Procedure 36(b), VIPA moves to amend its response to American Bridge's request for admission that VIPA terminated the contract with American Bridge on or before September 2, 2005. Originally, VIPA admitted that it did terminate the

contract on or before September 2, 2005. Now, it seeks to amend the admission to clarify that it sent its notice of termination on September 2, 2005, but the termination itself became effective on September 7, 2005. VIPA contends that this admission is consistent with ¶ 12.2 of the contract, which provides that VIPA give five days notice of termination for cause. VIPA argues that the September 2, 2005 letter gave five days notice because at the conclusion of the letter it states that VIPA is providing notice of termination for cause pursuant to ¶ 12.2.

Relying on the admission, American Bridge has filed a motion for summary judgment. It contends that by admitting that it terminated the contract on September 2, 2005, VIPA did not comply with ¶ 12.2 of the contract because it did not allow for a five day cure period. Consequently, the termination was without cause, entitling American Bridge to its costs and expenses without regard to any fault on its part.

Under Federal Rule of Civil Procedure 36(b), a court, upon motion, may allow a party to amend or withdraw its admissions when such amendment or withdrawal will aid in the presentation of the merits of the case and does not prejudice the party requesting the admission.[1] FED. R. CIV. P. 36(b); *Raiser v. Utah County,* 409 F.3d 1243, 1246 (10th Cir. 2005); *Perez v. Miami-Dade County,* 297 F.3d 1255, 1264 (11th Cir. 2002). The rationale for this Rule is that a case should be determined on its merits when possible. *Conlon v.*

---

[1] Rule 36(a) of the Federal Rules of Civil Procedure states when and under what circumstances a party can make a request for an admission. FED. R. CIV. P. 36(a). An admission is considered to be conclusively established. FED. R. CIV. P. 36(b). Rule 36(b) allows a party to amend or withdraw an admission by submitting a motion to the court. *Id.* A court "may permit withdrawal or amendment if it would promote the presentation of merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

*United States,* 474 F.3d 616, 622 (9th Cir. 2007); *United States v. Branella,* 972 F. Supp. 294, 301 (D.N.J. 1997). Hence, withdrawal or amendment of admissions should be allowed when not doing so would result in a determination that fails to consider the merits. *Conlon,* 474 F.3d at 622; *Raiser,* 409 F.3d at 1246.

Because Rule 36(b) is permissive, the district court has discretion. *Conlon,* 474 F.3d at 621. The court considers whether "the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id.* at 625.

In opposing withdrawal or amendment, a party must show that it will be prejudiced. *Id.* at 622. Mere inconvenience is not sufficient. *Raiser,* 409 F.3d at 1246. A party that relied on the admission to prepare for trial may be prejudiced by the unavailability of key witnesses or the sudden need to obtain evidence. *Conlon*, 474 F.3d at 622; *Raiser,* 409 F.3d at 1246. When a party relies on an admission throughout discovery and after dispositive motion cut-off dates, without any indication that there maybe a recantation of the admission, a party also may suffer prejudice. *Conlon,* 474 F.3d at 624. However, reliance on an "admission in preparing a summary judgment motion does not constitute prejudice." *Id.*; *Raiser,* 409 F.3d at 1246.

If VIPA's admission is amended to clarify the facts, the dispute will be decided on the merits. Without the amendment, the case will be decided without considering the actual facts. Because the date of the termination of the contract is central to the case, allowing the amendment will promote resolution on the merits.

VIPA sent two notices, August 26 and September 2, 2005, to American Bridge that it contends satisfied the contractual requirements for terminating the contract for cause.

3

Both letters cite ¶ 12.2 of the contract, the section that covers termination for cause. Ignoring these letters will allow American Bridge to invoke ¶ 12.3 that governs termination without cause. Such a result would prevent the jury from having the facts upon which it will decide whether VIPA had cause to end the contract and whether American Bridge is owed any money for its performance of the contract.

American Bridge argues that it will suffer prejudice because it relied on the admission in preparing its summary judgment motion and will have to change its litigation strategy after "nineteen months." Although American Bridge can no longer rely on the admission, its preparation for trial will not be prejudiced. It does not have to locate key witnesses or obtain additional discovery. Most importantly, American Bridge possesses the letter to which the admission refers. Instead of relying on the admission in summary judgment or at trial, American Bridge will have to demonstrate that the letter was a notice of termination, not merely a notice of an intent to terminate the contract. This change will not place a heavy burden on American Bridge because it has been aware of this language since the outset. Finally, American Bridge does not demonstrate that an economic or an administrative burden would result if the amendment is allowed. Therefore, allowing the amendment will not prejudice American Bridge.